Case 4:21-cv-03964 Document 17 Filed on 11/17/22 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ADRIENNE J. WILSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-3964 |
| | § | |
| **KILOLO KIJAKAZI,** *Commissioner of* | § | |
| *Social Security Administration*, | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND RECOMMENDATION**

Plaintiff Adrienne J. Wilson ("Plaintiff") filed this lawsuit against Defendant Kilolo Kijakazi ("Commissioner")[1] seeking review of the denial of benefits under Title II of the Social Security Act. (Dkt. No. 1.) Pending before the Court[2] are the parties' cross-motions for summary judgment. (Dkt. Nos. 11, 13.) Based on the briefing, record, and relevant law, the Court **RECOMMENDS** that both motions be **GRANTED IN PART** and **DENIED IN PART**, and that the case be **REMANDED** for further proceedings.

**I.   BACKGROUND**

Plaintiff is a 37-year-old woman who served in the Navy for 13 years until she was discharged in 2019. (R. at 41, 52.)[3] On March 4, 2020, Plaintiff filed an application for supplemental security income, seeking benefits beginning on February 26, 2019 for major

---

[1] Kilolo Kijakazi became the Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted as the defendant in this suit.

[2] On May 27, 2022, the District Judge referred this case to the undersigned for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 9.)

[3] The Administrative Record in this case can be found at Dkt. No. 8.

depressive disorder, multiple back issues, anxiety, insomnia, migraines, cervical spine strain, cervical radiculopathy upper and lower extremity, arthritis, lumbar spine strain, chronic hip and back pain, sleep apnea, tendonitis, thyroid problems, sinus problems, uterine fibroids menorrhagia, flat feet, posttraumatic stress disorder (PTSD), and adjustment disorder. (R. at 52–53.) The Social Security Administration denied Plaintiff's claims initially on May 12, 2020, and again on reconsideration on September 28, 2020. (R. at 81, 89.) On October 22, 2020, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. at 96.) ALJ Kelly Matthews held a hearing on March 31, 2021, during which Plaintiff was represented by Counsel. (R. at 38–51.) Plaintiff testified at the hearing. (R. at 44–47.) Thomas King, a vocational expert ("VE"), also testified. (R. at 47–50.)

On April 27, 2021, the ALJ denied Plaintiff's application for benefits, finding Plaintiff not disabled at Step Five of the evaluation process. (R. at 20–33.)[4] At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 26, 2019. (R. at 22.) At Step Two, the ALJ found Plaintiff has the following severe impairments: uterine fibroids, thoracic scoliosis, sclerotic changes of the sacroiliac joints, a calcified density at L4–L5, migraine headaches, post-traumatic stress disorder, generalized anxiety disorder, and major depressive disorder. (R. at 22–23.) At Step Three, the ALJ found Plaintiff's impairments or combination of impairments do not rise to the level of severity of impairments in the listings associated with mental impairments

---

[4] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

(Listings 12.04, 12.06, and 12.15). (R. at 23–24.) The ALJ found Plaintiff has the Residual Functional Capacity ("RFC") to perform medium work with certain exertional and non-exertional limitations. (R. at 24–31.) At Step Four, the ALJ found Plaintiff was unable to perform any past relevant work. (R. at 31.) At Step Five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform—such as laundry worker, warehouse worker, and hand packager—and therefore Plaintiff is not disabled as defined under the Social Security Act. (R. at 31–32.)

Plaintiff appealed to the Appeals Council on June 14, 2021. (R. at 152–54.) On October 5, 2021, the Appeals Council denied Plaintiff's request for review. (R. at 1–3.) The ALJ's decision, therefore, represents the Commissioner's final decision in the case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On December 6, 2021, Plaintiff filed this civil action under 42 U.S.C. § 405(g). (Dkt. No. 1.) In the appeal, Plaintiff argues the ALJ erred in her RFC assessment by not properly assessing Plaintiff's waxing and waning symptoms and the medical opinions of record. (Dkt. No. 13.)

## II. STANDARD OF REVIEW

The court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant

evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive." *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

### III. DISCUSSION

Plaintiff asserts the ALJ erred by formulating the mental RFC based on her own lay opinion without including certain necessary limitations. (Dkt. No. 13.) Particularly, Plaintiff argues the ALJ did not properly analyze Plaintiff's waxing and waning mental health symptoms. (*Id.* at 12–18.) Plaintiff also contends the ALJ did not assess the medical opinions of state agency psychological consultants in accordance with 20 C.F.R. § 404.1520c(c) factors. (*Id.* at 18–21.) Finally, Plaintiff argues that the ALJ rejected all medical opinions of record and improperly relied on her own lay opinion. (*Id.* at 21–25.) The Court only agrees with Plaintiff's first contention.

The ALJ is responsible for determining a claimant's RFC—the "most the claimant can still do despite his [or her] physical and mental limitations"—before Step Four in the disability evaluation process. *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The RFC is "determined by combining a medical assessment of [a claimant's] impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." *Hollis v. Bowen*, 837 F.2d 1378, 1386–87 (5th Cir. 1988). The ALJ maintains discretion in determining the weight given to the medical evidence and is "not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Fleming v. Saul*, No. 19-CV-701, 2020 WL 4601669, at *4 (W.D. Tex. Aug. 10, 2020). Nevertheless, "an ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based . . . on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). The ALJ here found that Plaintiff can perform medium work with the following limitations:

> The claimant is able to lift and carry 50 pounds occasionally and 25 pounds frequently, stand and walk six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. The claimant is able to frequently stoop and climb ladders, ropes, or scaffolds. Mentally, the claimant is able to understand, remember, and carry out simple, routine and repetitive tasks involving only simple work-related decisions. The claimant is able to work with few, if any, workplace changes. The claimant is able to tolerate occasional interaction with the public, coworkers, and supervisors. The claimant is unable to perform fixed rate or fast-paced production type work.

(R. at 24–25.) The ALJ reviewed Plaintiff's testimony of daily living and discussed the extensive medical evidence of record. (R. at 25–27.) The ALJ recognized and analyzed seven different medical professional opinions (R. at 27–31.) The ALJ ultimately found that Plaintiff's account of the limiting effects of her impairments is not entirely consistent with the evidence. (R. at 25.)

### A. Waxing and Waning Symptoms

Plaintiff asserts that the ALJ erred by both failing to consider Plaintiff's functional capabilities during periods of waning mental health and in addressing whether Plaintiff could not only obtain but also maintain employment. (Dkt. No. 13 at 16.) However, the ALJ specifically rejected the state agency medical consultants' opinions that Plaintiff had mild to no restrictions on the basis that Plaintiff's symptoms waxed and waned. (R. at 27.) This demonstrates that the ALJ took into account these periods of waning health.

However, the ALJ erred by not making a separate finding of Plaintiff's ability to maintain work. "A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can *hold* whatever job he finds for a significant period of time." *Singletary*, 798 F.2d at 822. In most cases, an ALJ is not required to make a separate finding as to a claimant's ability to maintain employment because the RFC determination inherently encompasses such a finding. *Perez*, 415 F.3d at 465; *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). Separate consideration of this issue is necessary, for example, when a claimant's impairment "waxes and wanes in its manifestation of disabling symptoms." *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003) (citing *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002)). However, the existence of good and bad days related to an impairment is insufficient; "the claimant's intermittently recurring symptoms must be of sufficient frequency or severity" for the ALJ to have erred in not separately considering a claimant's ability to maintain employment. *Frank*, 326 F.3d at 619; *see also Perez*, 415 F.3d at 465.

Here, Plaintiff points to periods of her symptoms worsening and getting better. (Dkt. No. 13 at 12–15.) Further, Commissioner acknowledges that "[t]he ALJ specifically noted that

Plaintiff's mental symptoms waxed and waned." (Dkt. No. 15 at 2.) Therefore, "not only did the claimant suffer from a severe mental impairment that by its very nature waxed and waned in disabling symptoms, the ALJ essentially acknowledged this fact in her decision yet failed to make the separate finding required by *Singletary*." *Evans v. Comm'r of Soc. Sec.*, No. 4:18CV147-JMV, 2019 WL 4018345, at *4 (N.D. Miss. Aug. 26, 2019). The ALJ, thus, was required to make a separate finding as to Plaintiff's ability to maintain employment. The ALJ did not make the required finding and this constitutes an error. *See id*.

Procedural errors in administrative proceedings generally do not require remand unless the plaintiff demonstrates prejudice. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). However, the failure to make a separate finding on a claimant's ability to maintain employment when required is a legal error, rather than a procedural error, and "[t]he Fifth Circuit has left the lower courts no discretion to determine whether such an error was harmless." *Cline v. Astrue*, 577 F. Supp. 2d 835, 850 (N.D. Tex. 2008); *accord Tracy L.S. v. Comm'r*, No. 20-CV-1183, 2022 WL 962457, at *5 (N.D. Tex. Mar. 13, 2022), *report and recommendation adopted*, 2022 WL 954337 (Mar. 30, 2022); *Langley v. Colvin*, No. 15-CV-2676, 2016 WL 3606136, at *4 (N.D. Tex. May 31, 2016), *report and recommendation adopted*, 2016 WL 3477043 (June 27, 2016). The case must be remanded on this basis.

### B. Treatment of Medical Opinions

First, Plaintiff is incorrect that the ALJ failed to adequately discuss supportability and consistency factors when finding the opinions of state agency psychological consultants Drs. Scales and Campa unpersuasive. (Dkt. No. 13 at 18–21; Dkt. No. 24 at 10–11.) In evaluating medical opinions, the ALJ must consider certain factors listed in 20 C.F.R. § 404.1520c(c). *See Lopez v. Saul*, No. 4:20-CV-1814, 2021 WL 3021953, at *2 (S.D. Tex. July 16, 2021); *see also*

*Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000) ("The ALJ cannot reject a medical opinion without an explanation."). "Supportability and consistency are the most important factors, and the ALJ must explain how he considered these factors for every medical opinion." *Lopez*, 2021 WL 3021953, at *2 n.2 (citing 20 C.F.R. § 404.1520c(b)(2)).

Plaintiff contends that the ALJ did not comply with 20 C.F.R. § 404.1520c requirements when disregarding these opinions. (Dkt. No. 13 at 18.) However, there is no "controlling authority as to 'what constitutes a sufficient "explanation" of supportability and consistency.'" *Bjorklund v. Kijakazi*, No. 4:21-CV-01810, 2022 WL 2392315, at *3 (S.D. Tex. July 1, 2022*), report and recommendation adopted sub nom. Bjorklund v. Saul*, No. 4:21-CV-01810, 2022 WL 2905471 (S.D. Tex. July 22, 2022) (quoting *Shugart v. Kijakazi*, No. 3:21-CV-00007, 2022 WL 912777, at *3 (S.D. Tex. Mar. 29, 2022). Instead, courts have found there must merely "be a discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding." *Id.* (quoting *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-CV-166-HSO-RPM, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021), *report and recommendation adopted*, 2021 WL 3663073 (S.D. Miss. Aug. 18, 2021) (collecting cases).

The ALJ found that although the state medical consultants classified Plaintiff's depression as severe, they only provided mild to no restrictions. (R. at 27.) This finding of internal inconsistency is an adequate discussion of supportability. *See Stafford v. Barnhart*, 402 F. Supp. 2d 717, 724 (E.D. Tex. 2005) (finding that that an ALJ's conclusion that a doctor's opinion was "not supported by his own findings" was a sufficient analysis of supportability). As to consistency, Plaintiff contends that the ALJ did not comply with 20 C.F.R. § 404.1520c requirements because she did not reference specific evidence when disregarding these opinions. (Dkt. No. 13 at 18.) It is true that "[a] generic statement or summary that a medical provider's opinion is inconsistent

with the record as a whole does not suffice, because 'the Court cannot undertake a meaningful review of the ALJ's consideration' of the medical opinions." *Bjorklund*, WL 2392315, at *3 (quoting *Pearson*, 2021 WL 3708047, at *7). However, contrary to Plaintiff's assertions, the ALJ did provide more than a generic reference to the record as a whole. Instead, the ALJ specifically discussed how the outlying opinion of the Department of Veterans' Affairs' ("VA") provider supports the conclusion that Plaintiff's symptoms wax and wane. (R. at 27.) The ALJ then "reconciled the inconsistencies" between the state agency opinions and VA opinion by assessing moderate limitations. (*Id.*) Thus, there appears to be a discernable logic bridge between the evidence and the ALJ's consistency finding. Therefore, the ALJ adequately discussed both consistency and supportability factors.

Moreover, even if the ALJ did err in her treatment of these opinions, the error would be harmless. The ALJ found greater mental limitations in Plaintiff's RFC than those recommended by the state medical examiners. (R. at 28.) Thus, any error in the ALJ's assessment of these consultants would not prejudice Plaintiff. *See Garza v. Astrue*, No. CIV.A. 4:10-2222, 2011 WL 2412604, at *7 (S.D. Tex. June 10, 2011) (finding any error would be harmless in an ALJ's consideration of a state examiner's opinion where the ALJ assigned greater limitations than the examiner).

Second, contrary to Plaintiff's assertions, the ALJ did not err in finding the VA medical opinions either of limited persuasive value or unpersuasive. (Dkt. No. 13 at 20–25; R. at 27–30.) The ALJ thoroughly explained her reasoning behind this treatment, and Plaintiff does not take issue with her analysis. (Unlike Plaintiff's complaints with the ALJ's assessment of the state agency opinions, as discussed above.) An ALJ is no longer required to give a treating source's

opinion special weight as long as she explains her reasoning, *see* 20 C.F.R. § 404.1520c, which the ALJ clearly did in this case.

The ALJ is not required to create an RFC that corresponds exactly with the medical opinions of record. *See Cooley v. Comm'r of Soc. Sec.*, No. 20-CV-46, 2021 WL 4221620, at *5 (S.D. Miss. Sept. 15, 2021) (noting "the ALJ's RFC determination neither needs to perfectly match a particular medical opinion nor find the sole supporting medical opinion entirely persuasive," because otherwise the RFC "would be largely limited to rubberstamping a particular medical opinion") (quotations and citations omitted); *Myers v. Kijakazi*, No. 20-CV-445, 2021 WL 3012838, at *4 (W.D. Tex. July 16, 2021) (explaining the law does not require a positive statement or positive evidence from a medical source indicating a claimant can perform the demands included in the RFC), *report and recommendation adopted*, 2021 WL 4025993 (Sept. 3, 2021).

Further, "[t]he regulations do not prohibit the ALJ from assessing the claimant's RFC based on other record evidence when he finds all medical opinions to be unpersuasive." *West v. Kijakazi*, No. CV H-21-2395, 2022 WL 4137297, at *6 (S.D. Tex. Aug. 26, 2022), *report and recommendation adopted*, No. CV H-21-2395, 2022 WL 4138574 (Sept. 12, 2022). The ALJ here used the longitudinal medical record, treatment notes, Plaintiff's testimony, and relevant medical opinion to formulate the RFC. This is not lay interpretation of the evidence. *See, e.g.*, *Carson v. Comm'r of Soc. Sec.*, No. 21-CV-12, 2022 WL 2525438, at *7 (E.D. Tex. May 25, 2022) (holding the ALJ did not err in finding state agency opinions not persuasive and in formulating the RFC based on testimony, medication management, activities of daily living, and other medical evidence because there is no requirement that the RFC mirror or match a medical opinion), *report and recommendation adopted*, 2022 WL 2489340 (July 6, 2022). "[T]he determination of residential functional capacity is the sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03

(5th Cir. 2012) ("What [plaintiff] characterizes as the ALJ substituting his opinion is actually the ALJ properly interpreting the medical evidence to determine his capacity for work.").

Even if the ALJ did err by not affording more weight to these opinions, however, the error was harmless. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (noting "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party have been affected"); *see also Frank v. Barnhart*, 326 F.3d 618, 621–22 (5th Cir. 2003) (applying harmless error analysis where the ALJ "seem[ed] to draw his own medical conclusions from some of the [medical] data, without relying on a medical expert's help")*.* Plaintiff fails to cite any record evidence in support of her assertion the ALJ formulated a faulty RFC determination other than the VA medical providers opinions which the Court has already addressed. Plaintiff even admits that these are "the only assessments from medical experts that clearly establish the effect of [Plaintiff's] PTSD, generalized anxiety disorder, and major depressive disorder." (Dkt. No. 13 at 24.) The ALJ thoroughly addressed why these determinations were of limited persuasive value. It is not the Court's duty to search the record for such evidence. *See Ackerson v. Saul*, No. 19-CV-9158, 2020 WL 5077713, at *6 (E.D. La. Aug. 10, 2020), *report and recommendation adopted*, 2020 WL 5070031 (Aug. 26, 2020). Plaintiff fails to demonstrate prejudice. Thus, the ALJ did not commit reversable error in regard to her RFC assessment.

## IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Summary judgement be **GRANTED** and the Commissioner's Motion for Summary Judgment be **DENIED** on the waxing and waning issue. The Court further **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **DENIED** and the Commissioner's Motion for Summary Judgment be

**GRANTED** on the treatment of medical opinions issue. The Court **RECOMMENDS** the case be **REMANDED** for further administrative proceedings.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on November 17, 2022.

Sam S. Sheldon
United States Magistrate Judge