United States District Court
Southern District of Texas

**ENTERED**

May 18, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| A.J.W., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:21-cv-03964 |
| Kilolo Kijakazi, Commissioner of Social Security Administration,[1] | § § § § | |
| *Defendant.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

On November 12, 2025, counsel for Plaintiff A.J.W. filed a motion seeking contingent attorneys' fees under 28 U.S.C. § 406(b) after Plaintiff recovered disability benefits on remand. *See* Dkt. 24. As concluded below, that motion should be granted.

## Background

In this suit, Plaintiff challenged the denial of benefits under Title II of the Social Security Act. On December 16, 2022, this Court reversed the denial of benefits and remanded to the Social Security Administration because the Administrative Law Judge had not properly considered the waxing and waning

---

[1] Kijakazi was the Commissioner when this Court entered its final order remanding the case. *See* Dkt. 18 (December 16, 2022 order).

nature of Plaintiff's mental impairments.  *See* Dkt. 18 (adopting Dkt. 17). Thereafter, the Court granted Plaintiff's request to extend the deadline for seeking contingent attorneys' fees under Section 406(b) until "after the conclusion of the administrative proceedings, including the determination of the administrative fee in this case ...." Dkt. 20 (granting Dkt. 19).

Separately, however, Plaintiff sought attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and various filing fees.  *See* Dkt. 21. On March 23, 2023, this Court awarded Plaintiff $7,409.10 in attorneys' fees and $402.00 in costs.  Dkt. 23.

After remand, the Administration eventually issued a July 23, 2025 Notice of Award concluding that Plaintiff was entitled to monthly disability benefits starting August 2019.  *See* Dkt. 24-2 at 1.  The Notice stated that Plaintiff was owed $108,629.00 in past-due benefits from August 2019 through April 2025, and that 25% of that amount ($27,157.25) was being withheld as potential fees to pay Plaintiff's representative.  *See id.* at 5.  A few months later, Plaintiff's counsel filed the pending motion, seeking $15,157.25 in contingency attorneys' fees—14% of the awarded past-due benefits.

## Legal Standard

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney," the court may award counsel a reasonable fee "not in excess of 25

percent of the total of the past-due benefits to which the claimant is entitled ...." 42 U.S.C. § 406(b)(1)(A). This provision applies when, as here, a claimant obtains recovery on remand to the Social Security Administration after a federal court's decision vacating the denial of benefits.

Even if the requested fee award falls below Section 406(b)'s statutory cap, a court must "review the arrangement as an independent check, to assure that [it] yields reasonable results." *Gisbrecht v. Barnhart*, 5353 U.S. 789, 807 (2002). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Jeter v. Astrue* 622 F.3d 371, 379 (5th Cir. 2010). The district court has broad discretion when determining the appropriate fee award. *Id.* at 376.

## Analysis

Having reviewed the application, the undersigned concludes that counsel's requested contingency fee is reasonable. Under 28 U.S.C. § 406(b), this Court should award $15,157.25 to counsel.

When evaluating requested contingency fees, courts consider many non-exclusive and non-dispositive factors, like the attorney's risk of loss, the attorney's experience and skill, whether the attorney caused any unnecessary delay, and the hourly rate. *See Tyson C. v. O'Malley*, 2024 WL 1996125, at *2 (S.D. Tex. May 6, 2024). Based on those factors, the Court finds the requested sum of $15,157.25 to be a reasonable and appropriate fee award.

First, the contingency fee agreement specifies that Plaintiff agreed to pay counsel up to 25% of any past-due benefits that were recovered. *See* Dkt. 24-4 at 3. That figure equals the statutory maximum. *See* 42 U.S.C. § 406(b)(1)(A).

Second, counsel undertook a significant risk when representing Plaintiff on a contingency fee basis. And counsel obtained a highly favorable result, obtaining not only a reversal of the administrative decision, *see* Dkt. 18, but a decision on remand awarding benefits, *see* Dkt. 24-2. The risk to counsel, particularly when coupled with the excellent results achieved, justifies a "fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

Third, counsel's total of 34.25 hours worked falls within the typical range of 30 to 40 hours. *See Tyson C.*, 2024 WL 1996125, at *4 ("typical number" of attorney hours for a social security disability appeal is "between 30 and 40 hours"); Dkt. 24-3 (billing entries for both attorneys). The total attorney hours are therefore reasonable.

Fourth, although effective hourly rate is much higher than the adjusted EAJA hourly rate, that is not dispositive. Whereas the adjusted EAJA hourly rate during the relevant period was less than $230.00, *see Ferrel v. Kijakazi*, 2023 WL 2477739, at *2 (S.D. Tex. Mar. 13, 2023) ($209.34 for 2021; $226.58 for 2022), the *de facto* hourly rate for counsel's work, based on the contingency fee sought, would be $442.55 ($15,157.25/34.25 hours). Regardless, this Court

has approved much higher effectively hourly rates in contingency-fee contexts, recognizing that "an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable." *Tyson Co.*, 2024 WL 1996125, at *4 (quotation omitted) (finding an effective hourly rate of $912.24 was reasonable; citing authorities that permitted rates of $937.50 to $1,245.55/hour). Moreover, counsel is Board Certified in this niche area and has represented more than 100 claimants is similar appeals. Dkt. 24-6 at 2. Counsel's expertise reinforces that the requested fee is reasonable.

Counsel's successful recovery of benefits on Plaintiff's behalf, plus the reasonableness of the attorney hours expended and the reasonable hourly rate given the risk attendant to this appeal, together support awarding $15,157.25 as attorneys' fees under Section 406(b).

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (Dkt. 24) be **GRANTED**, that Defendant be ordered to pay Plaintiff's counsel $15,157.25 of the sum that has been withheld from Plaintiff's past-due benefits, and that Plaintiff's counsel be ordered to refund the entire EAJA fee award ($7,409.10, *see* Dkt. 23) directly to Plaintiff.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed.**

R. Civ. P. 72(b).   Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on May 18, 2026, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

6